UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAYLAN AMIR THOMAS,<br><br>Defendant. | CASE NO. CR23-056-RSM<br><br>ORDER DENYING MOTION TO REDUCE SENTENCE |

This matter comes before the Court on Defendant Jaylan Amir Thomas' Motion to Reduce Sentence. Dkt. #76. Defendant seeks a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821, Part A (Status Points) to the Sentencing Guidelines. *Id*. The Court has reviewed the responsive briefing from the Government, Dkt. #80. No reply brief was filed.

In December 2023, Mr. Thomas entered a guilty plea to Wire Fraud. Dkt. #39. Mr. Thomas led a scheme to steal construction equipment from a home improvement store by renting the equipment using false identification, and instead of returning it, selling the equipment on OfferUp and Facebook Marketplace. Leading a team of at least five other people, Mr. Thomas and his crew stole more than 480 construction equipment pieces worth over $800,000.

Applying the 2023 Sentencing Guidelines Manual, Probation calculated Mr. Thomas' Total Offense Level as 22. *See* Presentence Investigation Report, Dkt. #52. Mr. Thomas had three prior criminal convictions that scored a total of four criminal history points. He was not assessed any "status points" for being under a criminal justice sentence at the time of his instant offense because his criminal history points were less than seven.

At the sentencing hearing on March 29, 2024, this Court imposed a custodial sentence within the applicable sentencing range of 60 months. Dkts. #64 and #65. Mr. Thomas continues to serve this sentence, with a BOP projected release date in August 2027.

Pursuant to 18 U.S.C. § 3582(c)(2), a district court has authority to reduce a defendant's sentence under certain limited circumstances:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, including the amendments below, and has articulated the policy and proper procedure for implementing those amendments.

In Part A to Amendment 821, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in Section 4A1.1(e) in the 2023 Edition of the Sentencing Guidelines. The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

Thus, a person who otherwise presents seven criminal history points or more now receives one additional "status" criminal history point, instead of the two points that were awarded in the previous version of this subsection, while a person who otherwise presents six criminal history points or fewer receives no status points.

In Part B, Subpart 1 to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission added what now appears in Section 4A1.1(c), providing a two offense-level reduction for many offenders who present zero criminal history points.

The Court finds that the Status Points amendment does not reduce Mr. Thomas' range because he was not originally assessed any status points for being under a criminal justice sentence. All four of his criminal history points were assessed directly based on his prior convictions pursuant to USSG § 4A1.1(a)-(c). Furthermore, the Zero-Point Offender is also inapplicable because Defendant fails to meet the first requirement: "(1) the defendant did not receive any criminal history points from Chapter Four, part A." As noted above, Mr. Thomas had three prior convictions that scored a total of four criminal history points. The Court therefore agrees with the Government that Mr. Thomas is not eligible for any reduction in sentence because the amendments have no effect on his sentencing range. Thus, this analysis need not proceed past the first step because the Court lacks jurisdiction to grant any reduction. *See United States v. Wesson*, 583 F.3d 728, 730-31 (9th Cir. 2009).[1]

Defendant Thomas offers no argument to these points in his Motion or in a reply brief. The Court need not consider the § 3553(a) factors. Given the above, appointment of counsel is unwarranted.

---

[1] USSG § 1B1.10(a)(2) provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . (A) none of the amendments listed in subsection (d) is applicable to the defendant; or (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range."

1    Having considered Defendant's Motion, the Government's Response, and the remainder
2 of the record, the Court hereby finds and ORDERS that Defendant Jaylan Amir Thomas' Motion
3 to Reduce Sentence, Dkt. #76, is DENIED.

5    DATED this 20th day of November, 2024.

*[signature]*

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO REDUCE SENTENCE - 4